# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER RHODES and NO FAP LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AYLO HOLDINGS, S.A.R.L (d/b/a PornHub, AYLO USA, INC. (d/b/a PornHub), AYLO GLOBAL ENTERTAINMENT, INC. (d/b/a Porn Hub), AYLO BILLING LIMITED (d/b/a PornHub), NICOLE PRAUSE, Ph.D., UNIVERSITY OF CALIFORNIA, LOS ANGELES, (d/b/a UCLA), DAVID LEY, Ph.D., and TAYLOR & FRANCIS GROUP, LLC., <br><br> Defendants. | Case No. _____ <br><br> Court of Common Pleas of Allegheny County, Pennsylvania <br><br> Case No.: GD-24-013043 |

## NOTICE OF REMOVAL OF CIVIL ACTION

To: The Judges of the United States District Court
for the Western District of Pennsylvania

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant, The Regents of the University of California, incorrectly identified as University of California, Los Angeles d/b/a UCLA ("UCLA"), by and through its undersigned counsel, hereby files this Notice of Removal of the civil action filed in the Court of Common Pleas of Allegheny County, Pennsylvania—docketed under the case caption *Rhodes, et al. v. AYLO Holdings, S.A.R.L. (d/b/a PornHub), et al.*, Case No. GD-24-013043 to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, UCLA states as follows:

### I. THE STATE COURT ACTION

1. On November 13, 2024, Plaintiffs, Alexander Rhodes and No Fap, LLC ("Plaintiffs"), commenced an action by filing a Praecipe for Writ of Summons in the Court of

Common Pleas of Allegheny County, Pennsylvania, captioned *Rhodes, et al. v. AYLO Holdings, S.A.R.L. (d/b/a PornHub), et al.*, GD-24-013043. In accordance with 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions, and orders filed in the State Court Action are attached hereto as "**Exhibit A**."

2. On September 22, 2025, UCLA filed a Rule to File Complaint. *Id.*

3. On October 14, 2025, Plaintiffs filed a Motion for Extension of Time to file their Complaint. *Id.*

4. UCLA filed its Response in Opposition to the same on October 23, 2025. *Id.*

5. On October 27, 2025, the Court of Common Pleas of Allegheny County, Pennsylvania, granted Plaintiffs' Motion for Extension of Time to file their Complaint. *Id.*

6. Plaintiffs served UCLA with the Complaint via electronic mail on November 27, 2025.

7. In their Complaint, Plaintiffs allege: (I) Racketeering pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), codified as 18 U.S.C. § 1962; (II) Unfair Competition pursuant to the Lanham Act, codified as 15 U.S.C. § 1125(a); (III) Trademark Dilution, codified as 15 U.S.C. § 1125(c); (IV) Trademark Infringement, codified as 15 U.S.C. § 1114; (V) Trade Disparagement; (VI) Breach of Contract; (VII) Fraudulent Inducement; (VIII) Tortious Interference; (IX) Defamation Per Se and Per Quod; (X) Publicity Placing Person in False Light; (XI) Publicity Given to Private Life; (XII) Intrusion into Private Affairs; (XIII) Intentional Infliction of Emotional Distress; (XIV) Civil Conspiracy; (XV) Gross Negligence and Negligence; and (XVI) Negligent Hiring. *See generally,* Plaintiffs' Complaint.

8. Plaintiffs allege Defendants conspired "to conduct a disinformation campaign aimed to suppress and shut down the largest porn addiction recovery peer-support platform." *See* Plaintiffs' Complaint at ¶ 14.

9. Plaintiffs seek damages in the form of compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs associated with this lawsuit.

10. UCLA, with the consent of Co-Defendants[1], seeks to exercise its right under the provisions of 28 U.S.C. §1441 *et seq.*, to remove this case from the Court of Common Pleas of Allegheny County, Pennsylvania. 28 U.S.C. §1441(a) provides in pertinent part that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

11. UCLA first received notice of the Complaint via electronic mail on November 27, 2025. Therefore, removal of this action is timely in accordance with 28 U.S.C. § 1446(b), because this Notice of Removal was filed within thirty (30) days.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the State Court Action are attached as **Exhibit A** hereto.

13. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

14. No previous application has been made for the requested relief.

---

[1] Copies of email correspondence from Counsel for Co-Defendants, consenting to the herein removal, are attached hereto as **Exhibit B.**

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs and Co-Defendants, as well as with the Court of Common Pleas of Allegheny County, Pennsylvania.

### III. THIS COURT HAS FEDERAL QUESTION JURISDICTION

16. The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, which grants jurisdiction to federal courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, this action is removable under 28 U.S.C. § 1441(c), as set forth below.

17. The first through fourth counts in the Complaint allege violations of federal statutes: (I) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified as 18 U.S.C. § 1962; (II) the Lanham Act, codified as 15 U.S.C. § 1125(a); (III) Trademark Dilution, codified as 15 U.S.C. § 1125(c); and (IV) Trademark Infringement, codified as 15 U.S.C. § 1114 *See* Compl., Counts I, II, III, and IV.

18. Specifically, Plaintiffs allege that Defendants violated RICO by "systematically engag[ing] in an ongoing pattern of racketeering activity affecting interstate and international commerce." *See* Compl., Count I.

19. Plaintiffs allege that Defendants "repeatedly used Plaintiffs' protected marks in a manner likely to cause confusion, violating 15 U.S.C. § 1125(a)(1)(A)." *See* Compl., Count II.

20. Plaintiffs allege that Defendants "used Plaintiffs' trademark without consent to identify goods and/or services that caused a likelihood of confusion to Plaintiffs' commercial interests." *See* Compl., Count III.

21. Further, Plaintiffs allege Defendants' "use of Plaintiffs' mark in commercial activities caused confusion to Plaintiffs' commercial interests." *See* Compl., Count IV.

22. Thus, this Court has federal question jurisdiction under 28 U.S.C. § 1331, and removal is proper.

23. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims because the state law claims alleged in the Complaint are so related to the federal claims also alleged therein that they form part of the same case or controversy.

### IV.   THIS COURT HAS DIVERSITY JURISDICTION

24. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Accordingly, this action is removable under 28 U.S.C. § 1441(c), as set forth below.

25. Upon information and belief, at the time Plaintiffs commenced this action and at all times since, Plaintiff, Alexander Rhodes was a citizen of the Commonwealth of Pennsylvania, residing in the Greater Pittsburgh region, Allegheny County, Pennsylvania. *See* Compl. at **Exhibit A.**

26. Upon information and belief, at the time Plaintiffs commenced this action and at all times since, Plaintiff, NoFap LLC has been organized under the laws of Pennsylvania, with its principal place of operations in the Greater Pittsburgh region, Allegheny County, Pennsylvania. *See* **Exhibit A.**

27. Defendant, UCLA, is not a citizen for purposes of this Court's diversity of citizenship analysis. *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981) ([W]e conclude that the [Arizona] Board of Regents is protected by the eleventh amendment, and further, that the Board is not a 'citizen' within the meaning of 28 U.S.C. § 1332. Our decision is

in accord with other opinions that have considered whether a state university is an arm of the state within the protection of the eleventh amendment").

28. Upon information and belief, Defendant, Aylo Holdings, S.A.R.L (d/b/a PornHub), is a foreign unincorporated entity in Luxembourg. *See* Compl. at **Exhibit A.** Defendant, Aylo Holdings, S.A.R.L (d/b/a PornHub), is therefore, believed to be a citizen of a foreign state for purposes of 28 U.S.C. § 1332.

29. Upon information and belief, Defendant, Aylo USA, Inc. (d/b/a PornHub), is a Delaware corporation with a principal place of business that is not in Pennsylvania. *See* Compl. at **Exhibit A.** Defendant, Aylo USA, Inc. (d/b/a PornHub), is therefore, believed to be a citizen of the State of Delaware, and not Pennsylvania, for purposes of 28 U.S.C. § 1332.

30. Upon information and belief, Defendant, Aylo Global Entertainment, Inc. (d/b/a PornHub), is a Delaware corporation with a principal place of business that is not in Pennsylvania. *See* Compl. at **Exhibit A.** Defendant, Aylo Global Entertainment, Inc. (d/b/a PornHub), is therefore, believed to be a citizen of the State of Delaware, and not Pennsylvania, for purposes of 28 U.S.C. § 1332.

31. Upon information and belief, Defendant, Aylo Billing Limited, in a foreign unincorporated entity in Ireland. *See* Compl. at **Exhibit A.** Defendant, Aylo Billing Limited, is therefore, believed to be a citizen of a foreign state for purposes of 28 U.S.C. § 1332.

32. Upon information and belief, Defendant Nicole Prause, Ph.D., is a citizen of the State of California. *See* Compl. at **Exhibit A.**

33. Upon information and belief, Defendant, David Ley, Ph.D., is a citizen of the State of New Mexico. *See* Compl. at **Exhibit A.**

34. Upon information and belief, Defendant, Taylor & Francis Group, LLC, is a Delaware limited liability company, whose sole member is a citizen of the United Kingdom. *See* Compl. at **Exhibit A.** Defendant, Taylor & Francis Group, LLC, is therefore, believed to be not a citizen of the State of Pennsylvania for purposes of 28 U.S.C. § 1332.

35. Plaintiffs seek judgment in excess of the Allegheny County Court's arbitration limits of $50,000.00, for *each* cause of action. *See* Compl. at **Exhibit A.** Accordingly, the amount in controversy for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' Complaint that, in the aggregate across all claims, the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)

36. Thus, this Court has federal diversity jurisdiction under 28 U.S.C. § 1332, and removal is proper.

## V.     REMOVAL TO THIS DISTRICT IS PROPER

37. Pursuant to 28 U.S.C. §§ 1441 *et seq.*, the right exists to remove this case from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, which embraces the place where the action is pending.

## VI.     MISCELLANEOUS

38. Written notice of the filing of this Notice of Removal will be promptly served on counsel for all adverse parties as required by law.

39. Concurrently with this Notice of Removal, UCLA will promptly file notice with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania, as required by law, and serve said notice on Plaintiffs. A copy of the written notice to the Court of Common Pleas of Allegheny County, Pennsylvania is attached hereto as **Exhibit C.**

40. UCLA reserves the right to amend or supplement this Notice of Removal and reserves all defenses.

41. If any question arises as to the propriety of the removal of this action, UCLA respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, The Regents of the University of California, incorrectly identified as University of California, Los Angeles d/b/a UCLA, hereby removes the action now pending against it in the Court of Common Pleas of Allegheny County, Pennsylvania, and requests that this Court assume and retain full jurisdiction over this action for all further proceedings.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Alexander Nemiroff*
Alexander Nemiroff [92250]
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone (267) 602-2040
Fax: (215) 693-6650
Email: anemiroff@grsm.com

*Attorneys for Defendant, The Regents of the University of California, incorrectly identified as University of California, Los Angeles d/b/a UCLA*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

David M. Kobylinski, Esq.
Peter T. Kobylinski, Esq.
Praeterorian Law Group, LLC
304 Ross Street, Suite 510
Pittsburgh, PA 15219
dave@koby.law
pete@koby.law
*Counsel for Plaintiffs*

Courtney C.T. Horrigan, Esq.
Alexa L. Austin Esq.
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2716
chorrigan@reedsmith.com
aaustin@reedsmith.com
*Counsel for Defendants, Aylo
HOLDINGS, S.A.R.L (d/b/a PornHub),
Aylo USA, Inc. (d/b/a PornHub),
Aylo Global Entertainment, Inc. (d/b/a PornHub),
and Aylo Billing Limited (d/b/a PornHub)*

Ernest F. Koschineg, Esq.
David G. Volk, Esq.
Jessica M. Heinz, Esq.
CIPRIANI & WERNER, P.C.
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
*Counsel for Defendant, Nicole Prause, Ph.D.*
dvolk@c-wlaw.com
jheinz@c-wlaw.com

Jordan B. Rosenberg, Esq.
SEGAL McCAMBIRDGE

9

One Commerce Square
2005 Market Street, Suite 3110
Philadelphia, PA 19103
jrosenberg@smsm.com
*Counsel for Defendant, David Ley, Ph.D.*

Kaitlin M. Gurney, Esq.
Elizabeth Seidlin-Bernstein, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
gurneyk@ballardspahr.com
seidline@ballardspahr.com
*Counsel for Defendant,
Taylor & Francis Group, LLC*

By:  s/ Alexander Nemiroff
　　　ALEXANDER NEMIROFF