**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALEXANDER RHODES** and **NOFAP, LLC** | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | 2:25-cv-01956 |
| | ) | |
| v. | ) | |
| | ) | |
| **ALYO HOLDINGS S.A.R.L. (d/b/a Pornhub), AYLO USA, INC., (d/b/a Pornhub), AYLO GLOBAL ENTERTAINMENT, INC. (d/b/a Pornhub), AYLO BILLING LIMITED (d/b/a Pornhub), NICOLE PRAUSE, Ph.D., UNIVERSITY OF CALIFORNIA, LOS ANGELES (d/b/a UCLA) DAVID LEY, Ph.D. and TAYLOR & FRANCIS GROUP, LLC** | ) ) ) ) ) | <u>JURY TRIAL DEMAND</u> |
| Defendants. | | |

**RICO CASE STATEMENT**

Plaintiffs Alexander Rhodes and NoFap, LLC, through counsel, file this RICO CASE STATEMENT pursuant to LCvR 7.1B as required by Fed. R. Civ. P. 11 and avers as follows:

1. Plaintiffs have alleged in their complaint that the Defendants have violated 18 U.S.C. §§ 1962 (c) and/or (d).

2. The enterprise in question was intended to intimidate and silence persons and entities that Defendants viewed as hostile to the financial interests of the world's largest provider of pornography. The enterprise in question, as explained in the complaint, was directed to many other individuals and entities in addition to plaintiff. Each defendant listed in the Complaint took some part in a scheme whereby they engaged in a pattern and practice of attacking, defaming, threatening and/or undermining plaintiffs' legitimate personal and/or business interests for the purpose of profiting their enterprise:

    a. Aylo Holdings S.A.R.L, Aylo USA Incorporated, Aylo Global Entertainment Incorporated and Aylo Billing Limited are a joint business operating collectively as Pornhub. These defendants acted as the catalyst in promoting the scheme as

outlined plaintiffs' complaint. Pornhub engaged in the enterprise for purposes of financial gain, hoping to prevent age-verification laws and/or reduced traffic. Age verification is a life-or-death issue for Pornhub. Relevant to this matter, Pornhub conspired and collaborated with the other defendants in order to discredit, defame and intimidate its critics through means of interstate commerce.

b. Nicole Prause, Ph.D. acted on behalf of the Pornhub defendants in furtherance of their scheme and for their profit. At all times relevant herein, defendant Prause helped the Pornhub defendants perpetuate their scheme across state lines. Defendant Prause engaged in a years' long campaign of concerted harassment, defamation and intimidation directed toward plaintiffs. As set forth in the complaint, defendant Prause often did so through means of wire fraud. Plaintiffs believe and therefore aver that Pornhub provided funds to defendant Prause surreptitiously through various entities, including the Free Speech Coalition.

c. David Ley, Ph.D. acted on behalf of the Pornhub defendants in furtherance of their scheme and for their profit. At all times relevant herein, defendant Ley helped the Pornhub defendants perpetuate their scheme across state lines. Plaintiffs believe and therefore aver that Pornhub provided funds to defendant Ley surreptitiously through various entities, including the Free Speech Coalition.

d. Taylor & Francis Group is a publishing company that worked collectively with the Pornhub defendants, defendant Ley and defendant Prause, defendant UCLA in furtherance of their shared scheme and for profit. Defendant Taylor & Francis, in conjunction with the other defendants caused defamatory opposition research about plaintiffs to be published and thereafter refused to retract the same after multiple requests were made.

e. The Regents of the University of California (d/b/a UCLA) is an "academic publisher" that worked collectively with the Pornhub defendants, defendant Prause, defendant Ley and defendant Taylor & Francis in furtherance of their shared scheme and for profit. At all times relevant herein, defendant Taylor & Francis helped the defendants perpetuate their scheme across state lines. Defendant UCLA was apprised and was aware that defendant Prause was engaged

3. Plaintiffs believe that there may be numerous other entities involved in the scheme whereby they engaged in a pattern and practice of attacking, defaming, threatening and/or undermining plaintiffs' legitimate personal and/or business interests for the purpose of profiting their enterprise. Plaintiff believes the Free Speech Coalition was one such entity. Plaintiff has also identified Althea Azeff, and an individual using the alias DaddyWolfBear and many others.

4. Plaintiffs have sustained injuries to both their reputation, business and plaintiff Rhodes has suffered emotional/compensatory damages. Other victims include Gary Wilson (now deceased) and Laila Mickelwait.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. The description of the pattern of racketeering shall include the following information:

    a. Defendants created an enterprise whose entire purpose was to protect the revenue of Pornhub by causing false and misleading information about its critics through means of interstate commerce, and to intimidate them into silence through the same. The scheme was similar to the one used by Big Tobacco and addressed in the matter of U.S. v. Philip Moris USA, Inc., 449 F. Supp. 2d 1 (D.D.C. 2006). In addition, defendants engaged in a concerted campaign of intimidation and harassment through means of interstate commerce.

    b.  Defendants engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or informant (18 U.S.C. § 1513); and interference with commerce by threats or violence (18 U.S.C. § 1951).

    c. Defendants began and carried out a common scheme to target plaintiffs beginning in 2015 and these acts have continued through and even after the date of plaintiffs' complaint. Plaintiffs have concisely summarized these facts and actions in their complaint.

    d. Defendants began and carried out a common scheme to target plaintiffs beginning in 2015 and these acts have continued through and until the date of plaintiffs' complaint. Plaintiffs have concisely summarized these facts and actions in their complaint.

    e. Pornhub has been indicted by the United States for distribution of child pornography.

    f. Pornhub is presently being sued by the Attorney General of Indiana for violation of the state's age verification laws. M Pornhub is also in litigation commenced by victims of sexual trafficking and sexual exploitation.

    g. The defendants used their various entities to hide and/or conceal their identity, the identity of who was holding interest in the business, the identity of who was profiting and the identity of those making illegal attempts further the scheme. Plaintiffs have identified the Free Speech Coalition as one such entity.

6. The above acts were all part of a common plan of defendants.

    a. Each of the above listed defendants was part of the common enterprise of the Pornhub defendants, defendant Prause, defendant Ley, Defendant Francis &

Taylor and defendant UCLA. Although some of the defendants are legal entities, they operated together as a common enterprise.

b. It is not known entirely how the enterprise of the defendants worked other than some companies provided money, other companies provided support services and other companies provided services.

c. Defendant Prause and defendant Ley were either employees and/or contractors for the enterprise.

d. Each listed defendant is associated with the enterprise.

e. Each defendant will likely attempt to claim that they are a separate entity from the alleged enterprise, but all acted with a common goal and some acted interchangeably at times.

f. All defendants are alleged to be perpetrators in the alleged enterprise.


7. The pattern of racketeering and the activity of the enterprise have merged into one entity. The various defendants all played a role in the pattern of racketeering and never served an original purpose which was separate from the illegal purpose described herein.

8. The practices of the enterprise and the racketeering activity was specifically targeted to the improper scheme as outline above and in plaintiffs' complaint.

9. The enterprise has made millions of dollars through their illegal activities and thwarted additional regulation of pornographic materials.

10. The activities of the enterprise have caused plaintiffs' business harm and has interfered with interstate commerce. As set forth in the complaint, defendant's conduct has resulted in trademark dilution and has reduced plaintiffs' web traffic drastically, causing financial damages to plaintiff. The harm plaintiffs experienced has also been experienced by other victims, including but not limited to, Laila Mickelwait and Gary Wilson.

11. Not applicable.

12. Not applicable.

13.  a. Each listed defendant is employed by or associated with the enterprise.

b. Each listed defendant is both a "person" and part of an "enterprise" as defined by 18 U.S.C. § 1961.

14. All of the listed defendants conspired in a scheme and engaged in a pattern and practice of attacking, defaming, threatening and/or undermining plaintiffs' legitimate personal and/or business interests for the purpose of profiting their enterprise. This included discrediting plaintiffs with a specific intent to interfere with the regulation of pornographic materials. The same was accomplished through wire fraud and other illegal conduct through means of interstate commerce.

15. Plaintiffs have sustained injuries to both their reputation, business and plaintiff Rhodes has suffered emotional/compensatory damages.

16. Defendants conspired and/or acted with an intent to engaged in a pattern and practice of attacking, defaming, threatening and/or undermining plaintiffs' legitimate personal and/or business interests for the purpose of profiting their enterprise. This included discrediting plaintiffs with a specific intent to interfere with the regulation of pornographic materials.

17. Plaintiffs have sustained injuries to both their reputation, business and plaintiff Rhodes has suffered emotional/compensatory damages.

18. Other federal causes of action include: Unfair Competition under Lanham Act (15 U.S.C. §1125(A)), Trademark Dilution (15 U.S.C. §1125(c)) and Trademark Infringement (15 U.S.C. §1114).

19. Pendant state claims include: trade disparagement, breach of contract, fraudulent inducement, tortious interference, defamation *per se* and *per quod*, publicity placing person in false light, publicity given to private life, intrusion into private affairs, intentional infliction of emotional distress, civil conspiracy, gross negligence, negligence, negligent hiring and declaratory judgment.

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire
Pa ID:  92233
Peter T. Kobylinski, Esquire
Pa ID:  309832
304 Ross Street, Suite 510
Pittsburgh, PA 15219
(412) 281-6600
(412) 281-6610 (*facsimile*)
dave@koby.law

*Counsel for Plaintiffs*