IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER RHODES and NO FAP LLC, <br><br>    Plaintiffs, <br><br> v. <br><br> AYLO HOLDINGS, S.A.R.L (d/b/a PornHub, AYLO USA, INC. (d/b/a PornHub), AYLO GLOBAL ENTERTAINMENT, INC. (d/b/a Porn Hub), AYLO BILLING LIMITED (d/b/a PornHub), NICOLE PRAUSE, Ph.D., UNIVERSITY OF CALIFORNIA, LOS ANGELES, (d/b/a UCLA), DAVID LEY, Ph.D., and TAYLOR & FRANCIS GROUP, LLC., <br><br>    Defendants. | CIVIL DIVISION <br><br> Case No. 2:25-cv-01956-MJH <br><br> *Electronically Filed.* |

**DEFENDANT, NICOLE PRAUSE, Ph.D.'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

AND NOW, Defendant, Nicole Prause, Ph.D. (hereinafter "Dr. Prause"), by and through her counsel, Cipriani & Werner, P.C., hereby files this Motion to Dismiss/Motion to Strike Pursuant to Rule 12 of the Federal Rules of Civil Procedure, stating as follows:

**OVERVIEW**

1.   Plaintiffs' claims against Dr. Prause must be dismissed because this Court lacks personal jurisdiction over Dr. Prause as she is domiciled in California and the statements at issue in this action were not directed to Plaintiffs as residents of Pennsylvania. Therefore, Dr. Prause does not have minimum contacts with Pennsylvania.

## FACTUAL BACKGROUND[1]

2. Plaintiffs commenced this action against all Defendants on or about November 13, 2024, by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania.

3. On September 22, 2025, Co-defendant, The Regents of the University of California, incorrectly identified as University of California, Los Angeles d/b/a UCLA ("UCLA") filed a Rule to File Complaint. On October 14, 2025, Plaintiffs filed a Motion for Extension of Time to file their Complaint, which UCLA opposed. On October 27, 2025, the Court of Common Pleas of Allegheny County, Pennsylvania granted Plaintiffs' Motion for Extension of Time to file their Complaint.

4. Plaintiffs filed their original Complaint on or about November 27, 2025.

5. On December 16, 2025, this action was removed from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

6. On December 30, 2025, Plaintiffs filed their FAC. (ECF No. 9).

7. Plaintiffs' FAC purports to advance claims arising from Dr. Prause's alleged breach of a "Non-Disparagement Agreement" via statements purportedly made by Dr. Prause in online/Internet-posts and podcast-appearances, presentations, research papers, articles, and civil lawsuits against third parties who are not involved in this case. (ECF No. 9 at ¶ 33).

---

[1] All facts outlined in this Motion to Dismiss Plaintiffs' FAC and supporting Memorandum of Law are taken from the FAC and are accepted as true for purposes of this Motion only and are otherwise denied. *See Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d. Cir. 1986).

8. Plaintiff, Alexander Rhodes, is an individual who resides in the greater Pittsburgh area. (ECF No. 9, Section 2., ¶1). He is the founder and sole member of the Co-Plaintiff, NoFap, LLC, and he operates a website called "NoFap," which purports to engage in discussion with others regarding pornography and the problems of excessive consumption and compulsive sexual behavior. *Id*. at ¶2. Mr. Rhodes maintains the NoFap website, as well as a forum on Reddit (a "subreddit") devoted to the same topics. *Id*. at ¶59. Likewise, Mr. Rhodes maintains a Twitter account at the handle @nofap, as well as his own personal Titter account at the handle @AlexanderRhodes.

9. By his own account, Mr. Rhodes' website became more popular over time, and "receives millions of visits per month." *Id*. at ¶ 60. Mr. Rhodes claims to have been interviewed for articles about pornography addiction by Time Magazine, the Pittsburgh Post-Gazette and The New York Times. *Id*. at ¶ 76. He also states that he has been interviewed on NPR's Here & Now, Showtime's Dark Net, CNN's This is Life with Lisa Lang, and CBS's The Doctors. *Id*. Mr. Rhodes has also written an opinion piece in the Washington Post, and his website NoFap has been featured in Esquire, Business Insider, Cosmopolitan, and New York Magazine. *Id*. at ¶ 77.

10. Dr. Prause is a neuroscientist and licensed psychologist who resides in Los Angeles, California. *Id*. at ¶¶ 8, 94. She is only licensed in the state of California. She is not licensed in Pennsylvania or any other jurisdiction. According to Mr. Rhodes, Dr. Prause frequently argues against the existence of "porn addition." *Id*. at ¶ 94.

11. Mr. Rhodes bases his claims primarily on a series of statements made online by Dr. Prause. Mr. Rhodes goes on to allege that Dr. Prause falsely accused him of threatening to stalk Dr. Prause, cyberstalking Dr. Prause and other women, harassing Dr. Prause, being subject to a restraining order, being misogynistic, and promoting the "Proud Boys." *Id*. at ¶ 26. Mr. Rhodes

3

also claims that Dr. Prause reported him to the FBI for his misconduct. *Id*. Mr. Rhodes alleges, without citing or referring to any evidence, that Dr. Prause made misrepresentations to the producers of the show The Doctors, suggesting that he was stalking her after she was asked to be on the same episode. *Id*. at ¶ 194.

12. The FAC also contends that Dr. Prause has accused NoFap of being a hate group, that NoFap promotes discrimination against protected groups, and that NoFapp supports misogyny and antisemitism. *Id*. at ¶¶ 26, 183. Mr. Rhodes collectively refers to all of the above (regardless of whether the statements are directed to him, or to NoFap, or to other individuals) as the "False Statements," and attaches screenshots of these exchanges as exhibits to the FAC. *Id.*, *generally*.

13. On October 22, 2019, Mr. Rhodes filed a defamation lawsuit in this Court against Dr. Prause and her company at the time, Liberos, LLC, asserting many of the same allegations. *See Rhodes v. Prause, et al.*, Case No.: 2:19-cv-01366-MPK, in the U.S. District Court for the Western District of Pennsylvania. Dr. Prause filed a motion to dismiss that case for lack of personal jurisdiction. While the motion to dismiss was pending, Dr. Prause filed a Suggestion of Bankruptcy and a motion to stay the case. On August 25, 2020, this Court granted Dr. Prause's motion and stayed the case indefinitely. In February of 2021, Mr. Rhodes and Dr. Prause signed a Settlement Agreement And Full And Final Mutual Release. (ECF No. 9 at ¶ 206 and Exhibit "A" thereto). The case was closed by the Court on March 25, 2021.

## LEGAL ARGUMENT

14. For the reasons stated above and discussed more fully in the Brief in Support filed contemporaneously herewith, and which is incorporated herein by reference as though set forth at length herein, Dr. Prause requests that the Court grant this Motion to Dismiss all of Plaintiffs' claims against her in the FAC for lack of personal jurisdiction over Dr. Prause.

15. Dr. Prause lacks the minimum contacts necessary to establish either general or specific personal jurisdiction in this case.

16. Dr. Prause is domiciled in California, and none of the alleged statements were directed to Plaintiffs as residents of Pennsylvania. See the Declaration of Dr. Prause attached hereto as Exhibit "A" stating, *inter alia*, that she has never lived in Pennsylvania, never filed taxes or voted in Pennsylvania, never been employed in Pennsylvania, filed a lawsuit in Pennsylvania, and the last time that she traveled to Pennsylvania was in October of 2019, and not since. **See the Prause Declaration at Exhibit "A."**

17. Dr. Prause did not post any of her comments or information for the purposes of doing business in Pennsylvania.

18. The statements allegedly made by Dr. Prause in articles and research papers were all published in writing and available across the country, and were not directed to Pennsylvania, or any other particular forum.

19. None of the alleged presentations by Dr. Prause took place in Pennsylvania. **See the Prause Declaration at Exhibit "A."**

20. The Settlement Agreement that arose from the Mr. Rhodes' prior lawsuit against Dr. Prause in this Court is insufficient to establish personal jurisdiction over Dr. Prause. There is no choice-of-law clause in the Settlement Agreement stating that it will be governed by the laws of the Commonwealth of Pennsylvania. Indeed, the only provision that mentions any state's law is Paragraph No. 5 of the Settlement Agreement, regarding "Waiver of California Civil Code Section 1542 or Similar Law." (ECF No. 9 at Exhibit "A" thereto). Furthermore, Mr. Rhodes initiated that lawsuit, and Dr. Prause never consented to jurisdiction in Pennsylvania. Dr. Prause's motion to dismiss that lawsuit for lack of personal jurisdiction was still pending when the

Settlement Agreement was entered. This fact is even acknowledged in the Agreement itself. (ECF No. 9 at Exhibit "A" p. 1 of the Settlement Agreement).

21.    As such, all claims against Dr. Prause in the Plaintiffs' FAC should be dismissed with prejudice.

WHEREFORE, Defendant, Nicole Prause, Ph.D. respectfully requests that all claims against her in the Plaintiffs' First Amended Complaint be dismissed with prejudice, and that this Court award fees and costs in favor of Dr. Prause and against Plaintiff as the Court deems just and appropriate under the circumstances.

**Dated: January 30. 2026**                Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

**David G. Volk**

By:   _____
David G. Volk, Esq.
Pa. I.D. No. 208444
Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, PA 19422
T: (610) 567-0700
F: (610) 567-0712
dvolk@c-wlaw.com
*Attorney for Defendant,*
*Nicole Prause, Ph.D.*