**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXANDER RHODES and NO FAP LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AYLO HOLDINGS, S.A.R.L (d/b/a PornHub, AYLO USA, INC. (d/b/a PornHub), AYLO GLOBAL ENTERTAINMENT, INC. (d/b/a Porn Hub), AYLO BILLING LIMITED (d/b/a PornHub), NICOLE PRAUSE, Ph.D., UNIVERSITY OF CALIFORNIA, LOS ANGELES, (d/b/a UCLA), DAVID LEY, Ph.D., and TAYLOR & FRANCIS GROUP, LLC.,<br><br>　　　　　Defendants. | CIVIL DIVISION<br><br>Case No. 2:25-cv-01956-MJH<br><br>*Electronically Filed.* |

**DEFENDANT, NICOLE PRAUSE, Ph.D.'S MOTION**
**FOR SANCTIONS PURSUANT TO F.R.C.P. 11**

AND NOW, Defendant, Nicole Prause, Ph.D. (hereinafter "Dr. Prause"), by and through her counsel, Cipriani & Werner, P.C., hereby files this Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, stating as follows:

**OVERVIEW:**

1.　　Plaintiffs' claims in their entirety amount to a vexatious campaign to stop scientists from documenting the harms of his violent male supremacist group, are completely baseless, contain complete fabrications, and are unmoored from reality. However, at this time, certain Plaintiffs' claims made against Dr. Prause warrant appropriate sanctions as the safe harbor provisions afforded to Plaintiffs under F.R.C.P. 11(b) were ignored. Specifically, certain allegations are frivolous, lack any evidentiary support whatsoever, and are flatly disputed by Dr. Prause by way of declaration given under the penalties of perjury.

2. Plaintiffs Alexander Rodes and NoFap, LLC commenced this action against all Defendants on or about November 13, 2024, by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania.

3. On September 22, 2025, Co-defendant, The Regents of the University of California, incorrectly identified as University of California, Los Angeles d/b/a UCLA ("UCLA") filed a Rule to File Complaint. On October 14, 2025, Plaintiffs filed a Motion for Extension of Time to file their Complaint, which UCLA opposed. On October 27, 2025, the Court of Common Pleas of Allegheny County, Pennsylvania granted Plaintiffs' Motion for Extension of Time to file their Complaint.

4. Plaintiffs filed their original Complaint on or about November 27, 2025.

5. On December 16, 2025, this action was removed from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

6. On December 30, 2025, Plaintiffs filed their First Amended Complaint ("FAC"). (ECF No. 9).

7. Plaintiffs' FAC purports to advance claims arising from Dr. Prause's alleged breach of a "Non-Disparagement Agreement" via statements purportedly made by Dr. Prause in online/Internet-posts and podcast-appearances, presentations, research papers, articles, and civil lawsuits against third parties who are not involved in this case. (ECF No. 9 at ¶ 33).

8. Plaintiff, Alexander Rhodes, is an individual who resides in the greater Pittsburgh area. (ECF No. 9, Section 2., ¶ 1). He is the founder and sole member of the Co-Plaintiff, NoFap, LLC, and he operates a website called "NoFap," which purports to engage in discussion with others regarding pornography and the problems of excessive consumption and compulsive sexual

behavior. *Id*. at ¶ 2. Mr. Rhodes maintains the NoFap website, as well as a forum on Reddit (a "subreddit") devoted to the same topics. *Id*. at ¶ 59. Likewise, Mr. Rhodes maintains a Twitter account at the handle @nofap, as well as his own personal Titter account at the handle @AlexanderRhodes.

9.      By his own account, Mr. Rhodes' website became more popular over time, and "receives millions of visits per month." *Id*. at ¶ 60. Mr. Rhodes claims to have been interviewed for articles about pornography addiction by Time Magazine, the Pittsburgh Post-Gazette and The New York Times. *Id*. at ¶ 76. He also states that he has been interviewed on NPR's Here & Now, Showtime's Dark Net, CNN's This is Life with Lisa Lang, and CBS's The Doctors. *Id*. Mr. Rhodes has also written an opinion piece in the Washington Post, and his website NoFap has been featured in Esquire, Business Insider, Cosmopolitan, and New York Magazine. *Id*. at ¶ 77.

10.      Dr. Prause is a neuroscientist and licensed psychologist who resides in Los Angeles, California. *Id*. at ¶¶ 8, 94. She is only licensed in the state of California. She is not licensed in Pennsylvania or any other jurisdiction. According to Mr. Rhodes, Dr. Prause frequently argues against the existence of "porn addiction." *Id*. at ¶ 94.

11.      Mr. Rhodes bases his claims primarily on a series of statements made online by Dr. Prause. Mr. Rhodes goes on to allege that Dr. Prause falsely accused him of threatening to stalk Dr. Prause, cyberstalking Dr. Prause and other women, harassing Dr. Prause, being subject to a restraining order, being misogynistic, and promoting the "Proud Boys." *Id*. at ¶ 26. Mr. Rhodes also claims that Dr. Prause reported him to the FBI for his misconduct. *Id*. Mr. Rhodes alleges, without citing or referring to any evidence, that Dr. Prause made misrepresentations to the producers of the show The Doctors, suggesting that he was stalking her after she was asked to be on the same episode. *Id*. at ¶ 194.

3

12.     The FAC also contends that Dr. Prause accused NoFap of being a hate group, that NoFap promotes discrimination against protected groups, and that NoFapp supports misogyny and antisemitism. *Id*. at ¶¶ 26, 183.  Mr. Rhodes collectively refers to all the above (regardless of whether the statements are directed to him, or to NoFap, or to other individuals) as the "False Statements," and attaches screenshots of a couple of these exchanges as exhibits to the FAC. *Id.*, *generally*.

13.     On October 22, 2019, Mr. Rhodes filed a defamation lawsuit in this Court against Dr. Prause and her company at the time, Liberos, LLC, asserting many of the same allegations. *See Rhodes v. Prause, et al.*, Case No.: 2:19-cv-01366-MPK, in the U.S. District Court for the Western District of Pennsylvania.  Dr. Prause filed a motion to dismiss that case for lack of personal jurisdiction.  While the motion to dismiss was pending, Dr. Prause filed a Suggestion of Bankruptcy and a motion to stay the case.  On August 25, 2020, this Court granted Dr. Prause's motion and stayed the case indefinitely.  In February of 2021, Mr. Rhodes and Dr. Prause signed a Settlement Agreement And Full And Final Mutual Release.  (ECF No. 9 at ¶ 206 and Exhibit "A" thereto).  The plaintiff edited the settlement filed with the Court, which was not a complete or accurate representation. The case was closed by the Court on March 25, 2021.

14.     On January 30, 2026, Dr. Prause filed a Motion to Dismiss Plaintiffs' claims based upon lack of personal jurisdiction over Dr. Prause. This motion is pending before this Court.

## SANCTIONS ARE APPROPRIATE AT THIS JUNCTURE:

22.     On February 12, 2026, Defendant Prause served the required "safe harbor" notice pursuant to F.R.C.P. 11(c)(2). **See Exhibit "A."**

23.     As of this filing, Plaintiffs have not moved to amend their FAC or taken any action whatsoever.

24.     Therefore, at this time, the imposition of sanctions is warranted in an amount and fashion that the Court deems just and appropriate under the circumstances.

25.     The following allegations contained in Plaintiffs' FAC contain specific allegations which are frivolous, warrant sanctions, and lack any evidentiary support. Dr. Pause has attached her own declaration to support the necessity and legal sufficiency of the instant motion[1]. ***See Exhibit "B."***

### ***Allegations that are frivolous under F.R.C.P. 11 and warrant sanctions:***

***Paragraph 6:*** "Defendants attempted to frame Gary Wilson with crimes"…

> **Response: Dr. Prause has never attempted to frame Gary Wilson with crimes and there is no evidence that suggests otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 7:*** "Pornhub surrogates, including Defendants Prause…attempted to frame Laila Mickelwait with a felony"…

> **Response: Dr. Prause has never attempted to frame Laila Mickelwait with a felony and there is no evidence that suggest otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 37:*** "and either personally physically grabbed her in Los Angeles"…

> **Response: Dr. Prause has never maintained that Alexandar Rhodes physically grabbed her in Los Angeles and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 53:*** "including a criminal conviction (specifically, Domestic Violence-Violation of Protection Order) for physically stalking a student at a university she was a faculty member at in 2010"…

> **Response: Dr. Prause does not have a criminal conviction on her record and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

---

[1] Certain allegations addressed in Dr. Prause's Safe Harbor letter at Exhibit "A" were ***not*** included for the purposes of the instant motion. Moving Defendant, if necessary, will vehemently deny these allegations at the appropriate time if not dismissed from the case by way of its pending Motion to Dismiss, however, for the purposes of the requisite analysis under the heighted standard applied under Rule 11, Moving Defendant decided to not include these allegations herein.

*Paragraph 102:* "During another incident documented in the police reports, Defendant Prause was reportedly involuntarily committed to a behavioral health unit."

> **Response: Dr. Prause was never involuntarily committed to a behavioral health unit and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 104:* "However, on February 17, 2011, Defendant Prause received a sentence for "Domestic Violence-Protection of Restraining Order", suggesting that she may have violated the terms of her probation"…

> **Response: Dr. Prause has never violated the terms of any probation and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 205:* "Defendant Prause fabricated that she was receiving death threats as a result of a legal fundraiser, making the first false accusation approximately 22 minutes before the fundraiser was publicly viewable."

> **Response: Dr. Prause has never fabricated that she was receiving death threats and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 233:* "Upon information and belief, CoventBridge Group Ltd, or another agency hired by Defendant Prause, her counsel, or other entities connected to Defendant Prause, likely deployed an in-person private investigator to surveil Plaintiff Rhodes. This determination was made by a third-party expert."

> **Response: Neither Dr. Prause or her attorneys have ever hired an in-person private investigator to surveil Plaintiff Rhodes and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 257(j):* "Defendant Prause has staged multiple death threat hoaxes targeting Plaintiffs and has impersonated NoFap community members."

> **Response: Dr. Prause has never staged multiple death threat hoaxes targeting Plaintiffs nor has she impersonated NoFap community members and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 257(t):* "Counsel for Plaintiffs obtained records reflecting Defendant Prause's prior criminal conviction and police reports concerning Defendant Prause's alleged physical stalking of an individual, and Defendant Prause was aware of the identity of the private investigation firm that obtained these materials within the context of the Prior Litigation."

**Response: Dr. Prause does not have a criminal conviction on her record and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 257(cc):* "Defendant Prause posted violent material (as defined by the Porn Industry Defendants' own purported methodology)"…

**Response: Dr. Prause has never created violent material on the internet and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 289:* "are not authored by an individual with a criminal conviction"…

**Dr. Prause does not have a criminal conviction on her record and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 319:* "The case record documents Defendant Prause's pattern of research fraud, including data falsification and undisclosed conflicts of interest."

**Dr. Prause has never committed research fraud in any respect and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 447:* "faux academics, namely Defendant Prause"…

**Dr. Prause is a biostatistical programmer III at the University of California, Los Angeles, a public institution; Dissertation Director for the Modern Sex Therapy Institute, a private institution; research assistant for the Veterans Administration Hospital in Los Angeles, a federal research institution; an affiliate researcher at University of Nebraska, Lincoln, a public institution; and a lecturer for the University of Michigan, a public institution. The allegation Dr. Prause is a "faux academic" is frivolous and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 479:* "Together, these defendants engaged in a common enterprise directed toward extorting"…

**Dr. Prause has never engaged in any form of extortion and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 421 (on page 174 of the First Amended Complaint):* "Relevant to Plaintiffs, Defendants engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or

7

informant (18 U.S.C. § 1513); and interference with commerce by threats or violence (18 U.S.C. § 1951)."

> **Dr. Prause has never distributed obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstructed justice (18 U.S.C. § 1503); tampered with a witness, victim or informant (18 U.S.C. § 1512); committed wire fraud (18 U.S.C. § 1343); retaliated against a witness, victim or informant (18 U.S.C. § 1513); and interfered with commerce by threats or violence (18 U.S.C. § 1951) and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 422 (on page 175 of the First Amended Complaint):* "In broader scope, however, the enterprise further involves **peonage, slavery, and trafficking in persons** (18 U.S.C. §§ 1581-1592); **money laundering** (§§ 1956–1957); and **child sexual exploitation offenses** (18 USC §§ 2251–2252A)."

> **Dr. Prause has never engaged in peonage, slavery, and trafficking in persons (18 U.S.C. §§ 1581-1592); money laundering (§§ 1956–1957); and child sexual exploitation offenses (18 USC §§ 2251–2252A) and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 548:* "despite her prior criminal conviction, documented harassment of at least one colleague"…

> **Dr. Prause does not have a prior criminal conviction or documented harassment of a colleage and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 550:* "and publish falsified, fraudulent, and misleading academic work"…

> **Dr. Prause has never committed research fraud in any respect and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 551:* "and Institutional Review Board (IRB) standards, despite clear notice that Defendant Prause had repeatedly violated them"…

> **Dr. Prause has never violated Institutional Review Board (IRB) standards and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

### *RICO CASE STATEMENT:*

- 2b. "As set forth in the complaint, defendant Prause often did so through means of wire fraud":

**Dr. Prause has never committed wire fraud and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

- 5b. "Defendants engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or informant (18 U.S.C. § 1513); and interference with commerce by threats or violence (18 U.S.C. § 1951)";

- **Dr. Prause has never engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or informant (18 U.S.C. § 1513); and interference with commerce by threats or violence (18 U.S.C. § 1951)" and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

- 14. "The same was accomplished through wire fraud and other illegal conduct through means of interstate commerce."

   **Dr. Prause has never committed wire fraud or other illegal conduct through means of interstate commerce and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

### CONCLUSION:

26.    Accordingly, given that the aforementioned allegations are plainly frivolous and warrant sanctions based upon the attached declaration of Defendant, Nicole Prause, Ph.D, and there is no evidence to suggest otherwise, Defendant respectfully requests that sanctions be issued at this time in an amount and fashion that the Court deems just and appropriate under the circumstances.

9

**Dated: March 27, 2026**                          Respectfully submitted,

                                         **CIPRIANI & WERNER, P.C.**

                                         **/s/David G. Volk**

                            By:          _____

                                         David G. Volk, Esq.
                                         Pa. I.D. No. 208444
                                         Three Valley Square, Suite 305
                                         512 E. Township Line Road
                                         Blue Bell, Pennsylvania 19422
                                         T: (610) 567-0700
                                         F: (610) 567-0712
                                         dvolk@c-wlaw.com
                                         *Attorney for Defendant,*
                                         *Nicole Prause, Ph.D.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXANDER RHODES and NO FAP LLC,<br><br>             Plaintiffs,<br><br>v.<br><br>AYLO HOLDINGS, S.A.R.L (d/b/a PornHub, AYLO USA, INC. (d/b/a PornHub), AYLO GLOBAL ENTERTAINMENT, INC. (d/b/a Porn Hub), AYLO BILLING LIMITED (d/b/a PornHub), NICOLE PRAUSE, Ph.D., UNIVERSITY OF CALIFORNIA, LOS ANGELES, (d/b/a UCLA), DAVID LEY, Ph.D., and TAYLOR & FRANCIS GROUP, LLC.,<br><br>             Defendants. | CIVIL DIVISION<br><br>Case No. 2:25-cv-01956-MJH<br><br>*Electronically Filed.* |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NICOLE PRAUSE,
Ph.D.'S MOTIONFOR SANCTIONS PURSUANT TO F.R.C.P. 11**

**MATTER BEFORE THE COURT:**

Defendant Nicole Prause, Ph.D. (hereinafter "Dr. Prause"), by and through her counsel,

Cipriani & Werner, P.C., hereby files this Memorandum of Law in support of its Motion for

Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**QUESTION PRESENTED:**

Does good cause exist to grant Moving Defendant's motion for sanctions as certain

allegations contained in Plaintiffs' First Amended Complaint are plainly frivolous, lack any

evidentiary support, and are directly denied by Defendant by way of declaration given under the

penalties of perjury?

*Suggested answer:* **Yes.**

**FACTUAL BACKGROUND:**

Plaintiffs' claims in their entirety amount to a vexatious campaign to stop scientists from documenting the harms of his violent male supremacist group, are completely baseless, contain complete fabrications, and are unmoored from reality. However, at this time, certain Plaintiffs' claims made against Dr. Prause warrant appropriate sanctions as the safe harbor provisions afforded to Plaintiffs under F.R.C.P. 11(b) were ignored. Specifically, certain allegations are frivolous, lack any evidentiary support whatsoever, and are flatly disputed by Dr. Prause by way of declaration given under the penalties of perjury.

Plaintiffs Alexander Rodes and NoFap, LLC commenced this action against all Defendants on or about November 13, 2024, by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, Pennsylvania. On September 22, 2025, Co-defendant, The Regents of the University of California, incorrectly identified as University of California, Los Angeles d/b/a UCLA ("UCLA") filed a Rule to File Complaint. On October 14, 2025, Plaintiffs filed a Motion for Extension of Time to file their Complaint, which UCLA opposed. On October 27, 2025, the Court of Common Pleas of Allegheny County, Pennsylvania granted Plaintiffs' Motion for Extension of Time to file their Complaint.

Plaintiffs filed their original Complaint on or about November 27, 2025. On December 16, 2025, this action was removed from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. On December 30, 2025, Plaintiffs filed their First Amended Complaint ("FAC"). (ECF No. 9).

Plaintiffs' FAC purports to advance claims arising from Dr. Prause's alleged breach of a "Non-Disparagement Agreement" via statements purportedly made by Dr. Prause in

2

online/Internet-posts and podcast-appearances, presentations, research papers, articles, and civil lawsuits against third parties who are not involved in this case. (ECF No. 9 at ¶ 33).

Plaintiff, Alexander Rhodes, is an individual who resides in the greater Pittsburgh area. (ECF No. 9, Section 2., ¶ 1). He is the founder and sole member of the Co-Plaintiff, NoFap, LLC, and he operates a website called "NoFap," which purports to engage in discussion with others regarding pornography and the problems of excessive consumption and compulsive sexual behavior. *Id*. at ¶ 2. Mr. Rhodes maintains the NoFap website, as well as a forum on Reddit (a "subreddit") devoted to the same topics. *Id*. at ¶ 59. Likewise, Mr. Rhodes maintains a Twitter account at the handle @nofap, as well as his own personal Titter account at the handle @AlexanderRhodes.

By his own account, Mr. Rhodes' website became more popular over time, and "receives millions of visits per month." *Id*. at ¶ 60. Mr. Rhodes claims to have been interviewed for articles about pornography addiction by Time Magazine, the Pittsburgh Post-Gazette and The New York Times. *Id*. at ¶ 76. He also states that he has been interviewed on NPR's Here & Now, Showtime's Dark Net, CNN's This is Life with Lisa Lang, and CBS's The Doctors. *Id*. Mr. Rhodes has also written an opinion piece in the Washington Post, and his website NoFap has been featured in Esquire, Business Insider, Cosmopolitan, and New York Magazine. *Id*. at ¶ 77.

Dr. Prause is a neuroscientist and licensed psychologist who resides in Los Angeles, California. *Id*. at ¶¶ 8, 94. She is only licensed in the state of California. She is not licensed in Pennsylvania or any other jurisdiction. According to Mr. Rhodes, Dr. Prause frequently argues against the existence of "porn addiction." *Id*. at ¶ 94.

Mr. Rhodes bases his claims primarily on a series of statements made online by Dr. Prause. Mr. Rhodes goes on to allege that Dr. Prause falsely accused him of threatening to stalk Dr. Prause, cyberstalking Dr. Prause and other women, harassing Dr. Prause, being subject to a restraining

order, being misogynistic, and promoting the "Proud Boys."  *Id*. at ¶ 26.  Mr. Rhodes also claims that Dr. Prause reported him to the FBI for his misconduct.  *Id*.  Mr. Rhodes alleges, without citing or referring to any evidence, that Dr. Prause made misrepresentations to the producers of the show The Doctors, suggesting that he was stalking her after she was asked to be on the same episode. *Id*. at ¶ 194.

The FAC also contends that Dr. Prause accused NoFap of being a hate group, that NoFap promotes discrimination against protected groups, and that NoFapp supports misogyny and antisemitism.  *Id*. at ¶¶ 26, 183.  Mr. Rhodes collectively refers to all the above (regardless of whether the statements are directed to him, or to NoFap, or to other individuals) as the "False Statements," and attaches screenshots of a couple of these exchanges as exhibits to the FAC.  *Id.*, *generally*.

On October 22, 2019, Mr. Rhodes filed a defamation lawsuit in this Court against Dr. Prause and her company at the time, Liberos, LLC, asserting many of the same allegations.  *See Rhodes v. Prause, et al.*, Case No.: 2:19-cv-01366-MPK, in the U.S. District Court for the Western District of Pennsylvania.  Dr. Prause filed a motion to dismiss that case for lack of personal jurisdiction.  While the motion to dismiss was pending, Dr. Prause filed a Suggestion of Bankruptcy and a motion to stay the case.  On August 25, 2020, this Court granted Dr. Prause's motion and stayed the case indefinitely.  In February of 2021, Mr. Rhodes and Dr. Prause signed a Settlement Agreement And Full And Final Mutual Release.  (ECF No. 9 at ¶ 206 and Exhibit "A" thereto).  The plaintiff edited the settlement filed with the Court, which was not a complete or accurate representation. The case was closed by the Court on March 25, 2021.

On January 30, 2026, Dr. Prause filed a Motion to Dismiss Plaintiffs' claims based upon lack of personal jurisdiction over Dr. Prause. This motion is pending before this Court.

**LEGAL ARGUMENT:**

The standard for imposing Rule 11 sanctions is well-settled. The standard focuses on the objective unreasonableness of the allegations. The rule imposes on counsel a duty to look before leaping. *Keister v. PPL Corp.*, 318 F.R.D. 247 (M.D. Pa. 2015). A court may impose sanctions on any attorney, law firm, or party that violates Rule 11(b) or is responsible for the violation. *F.R.C.P. 11(c)(1).*

"The lodestar of Rule 11 is reasonableness, not bad faith." *EuroOptic Ltd. v. W.L. Gore & Associates, Inc.*, 781 F. Supp.3d 320, 333 (M.D. Pa. 2025). "So lawyers can be sanctioned for objectively unreasonable conduct – in a word, negligence." *Id.* "'Rule 11 also imposes a duty of candor, which attorneys violate whenever they misrepresent the evidence supporting their claims. Thus, a court may sanction attorneys under Rule 11(b)(3) for factual assertions they know – are false or wholly unsupported.'" *Id.* "The Third Circuit and the Advisory Committee Notes to Rule 11 have set forth certain factors useful in determining whether an attorney's conduct has violated Rule 11." *Keister*, 318 F.R.D. at 256. Those factors include:

> [H]ow much time for investigation was available to the signer; whenever he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; [] whether he depended on forwarding counsel or another remember of the bar; [and] whether [one] is in a position to know or acquire the relevant factual details. *Id.* (quoting F.R.C.P. 11 Advisory Committee Notes to 1983 Amendment; CTC Imports & Exports, 951 F.2d at 578.).

"Above all else, '[g]reater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate, should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Keister*, 318 F.R.D. at 256.

5

"'The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper, issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities…etc." *Id.* (citing F.R.C.P. 11 Advisory Committee Notes to 1993 Amendment ("Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party.").

Federal courts in the Third Circuit's venire and the Advisory Committee Notes to Rule 11 have set forth certain factors useful in determining the appropriate sanction for a violation of Rule 11, including:

> Whether the improper conduct was willful, or negligent; whether it was part of pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular county or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injury; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations. *Id.* (quoting F.R.C.P. 11 Advisory Committee Notes to 1993 Amendment. *See also In re Cendant Corp. Derivative Action Litig.*, 96 F.Supp.2d 403, 407–08 (D.N.J. 2000)).

6

At the appropriate time, monetary sanctions are appropriate in this case and the following factors should be considered:

> [T]he sanctioned party's ability to pay; [whether the attorney] has already been subject to adverse press scrutiny as a result of the sanction by the district court; [whether the attorney] has been subject to at least one other disciplinary action;  [whether] any other evidence would tend to substantiate [the attorney's] claim that he has already been deterred sufficiently from filing frivolous actions; the attorney's history of filing frivolous actions or alternatively, his or her good reputation; the defendant's need for compensation; the degree of frivolousness; whether the frivolousness also indicated that a less sophisticated or expensive response [by the other party] was required; and the importance of not discouraging particular types of litigation which may provide the basis for legislative and executive ameliorative action when the courts lack power to act.
>
> *Keister,* 318 F.R.D. at 272, n.120 (quoting *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195-97 (3d Cir. 1988). *See also Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294 (3d. Cir. 1996) (Rosenn, J.)).

Applying the holding in <u>EuroOptic Ltd.,</u> what is clear is that Rule 11 imposes a duty of candor, which attorneys violate whenever they misrepresent the evidence supporting their claims.  Thus, a court may sanction attorneys under Rule 11(b)(3) for factual assertions **they know are false or wholly unsupported.** 781 F. Supp.3d 320, 333 (M.D. Pa. 2025) (emphasis added). This is exactly the situation before this Court. Certain allegations contained in Plaintiffs' FAC are both false and wholly unsupported.

More specifically, the following allegations contained in Plaintiffs' FAC are frivolous, warrant sanctions, and lack evidentiary support.  Dr. Prause has attached her own declaration to support the necessity and legal sufficiency of the instant motion. ***See Exhibit "B."***

7

***Allegations that are frivolous under F.R.C.P. 11 and warrant sanctions:***

***Paragraph 6:*** "Defendants attempted to frame Gary Wilson with crimes"…

> **Response: Dr. Prause has never attempted to frame Gary Wilson with crimes and there is no evidence that suggests otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 7:*** "Pornhub surrogates, including Defendants Prause…attempted to frame Laila Mickelwait with a felony"…

> **Response: Dr. Prause has never attempted to frame Laila Mickelwait with a felony and there is no evidence that suggest otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 37:*** "and either personally physically grabbed her in Los Angeles"…

> **Response: Dr. Prause has never maintained that Alexandar Rhodes physically grabbed her in Los Angeles and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 53:*** "including a criminal conviction (specifically, Domestic Violence-Violation of Protection Order) for physically stalking a student at a university she was a faculty member at in 2010"…

> **Response: Dr. Prause does not have a criminal conviction on her record and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 102:*** "During another incident documented in the police reports, Defendant Prause was reportedly involuntarily committed to a behavioral health unit."

> **Response: Dr. Prause was never involuntarily committed to a behavioral health unit and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

***Paragraph 104:*** "However, on February 17, 2011, Defendant Prause received a sentence for "Domestic Violence-Protection of Restraining Order", suggesting that she may have violated the terms of her probation"…

> **Response: Dr. Prause has never violated the terms of any probation and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

8

*Paragraph 205:* "Defendant Prause fabricated that she was receiving death threats as a result of a legal fundraiser, making the first false accusation approximately 22 minutes before the fundraiser was publicly viewable."

> **Response: Dr. Prause has never fabricated that she was receiving death threats and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 233:* "Upon information and belief, CoventBridge Group Ltd, or another agency hired by Defendant Prause, her counsel, or other entities connected to Defendant Prause, likely deployed an in-person private investigator to surveil Plaintiff Rhodes. This determination was made by a third-party expert."

> **Response: Neither Dr. Prause or her attorneys have ever hired an in-person private investigator to surveil Plaintiff Rhodes and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 257(j):* "Defendant Prause has staged multiple death threat hoaxes targeting Plaintiffs and has impersonated NoFap community members."

> **Response: Dr. Prause has never staged multiple death threat hoaxes targeting Plaintiffs nor has she impersonated NoFap community members and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 257(t):* "Counsel for Plaintiffs obtained records reflecting Defendant Prause's prior criminal conviction and police reports concerning Defendant Prause's alleged physical stalking of an individual, and Defendant Prause was aware of the identity of the private investigation firm that obtained these materials within the context of the Prior Litigation."

> **Response: Dr. Prause does not have a criminal conviction on her record and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 257(cc):* "Defendant Prause posted violent material (as defined by the Porn Industry Defendants' own purported methodology)"…

> **Response: Dr. Prause has never created violent material on the internet and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 289:* "are not authored by an individual with a criminal conviction"…

> **Dr. Prause does not have a criminal conviction on her record and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

9

*Paragraph 319:* "The case record documents Defendant Prause's pattern of research fraud, including data falsification and undisclosed conflicts of interest."

**Dr. Prause has never committed research fraud in any respect and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 447:* "faux academics, namely Defendant Prause"…

**Dr. Prause is a biostatistical programmer III at the University of California, Los Angeles, a public institution; Dissertation Director for the Modern Sex Therapy Institute, a private institution; research assistant for the Veterans Administration Hospital in Los Angeles, a federal research institution; an affiliate researcher at University of Nebraska, Lincoln, a public institution; and a lecturer for the University of Michigan, a public institution. The allegation Dr. Prause is a "faux academic" is frivolous and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 479:* "Together, these defendants engaged in a common enterprise directed toward extorting"…

**Dr. Prause has never engaged in any form of extortion and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 421 (on page 174 of the First Amended Complaint):* "Relevant to Plaintiffs, Defendants engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or informant (18 U.S.C. § 1513); and interference with commerce by threats or violence (18 U.S.C. § 1951)."

**Dr. Prause has never distributed obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstructed justice (18 U.S.C. § 1503); tampered with a witness, victim or informant (18 U.S.C. § 1512); committed wire fraud (18 U.S.C. § 1343); retaliated against a witness, victim or informant (18 U.S.C. § 1513); and interfered with commerce by threats or violence (18 U.S.C. § 1951) and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 422 (on page 175 of the First Amended Complaint):* "In broader scope, however, the enterprise further involves **peonage, slavery, and trafficking in persons** (18 U.S.C. §§ 1581-1592); **money laundering** (§§ 1956–1957); and **child sexual exploitation offenses** (18 USC §§ 2251–2252A)."

**Dr. Prause has never engaged in peonage, slavery, and trafficking in persons (18 U.S.C. §§ 1581-1592); money laundering (§§ 1956–1957); and child sexual**

10

exploitation offenses (18 USC §§ 2251–2252A) and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."

*Paragraph 548:* "despite her prior criminal conviction, documented harassment of at least one colleague"…

**Dr. Prause does not have a prior criminal conviction or documented harassment of a colleage and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 550:* "and publish falsified, fraudulent, and misleading academic work"…

**Dr. Prause has never committed research fraud in any respect and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*Paragraph 551:* "and Institutional Review Board (IRB) standards, despite clear notice that Defendant Prause had repeatedly violated them"…

**Dr. Prause has never violated Institutional Review Board (IRB) standards and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

*RICO CASE STATEMENT:*

- 2b. "As set forth in the complaint, defendant Prause often did so through means of wire fraud":

**Dr. Prause has never committed wire fraud and there is no evidence to suggest otherwise. See Prause declaration at Exhibit "B."**

- 5b. "Defendants engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or informant (18 U.S.C. § 1513); and interference with commerce by threats or violence (18 U.S.C. § 1951)";

- **Dr. Prause has never engaged in a pattern of racketeering activity, including but not limited to: distribution of obscene materials through interstate commerce (18 U.S.C. §§ 1461-1465); obstruction of justice (18 U.S.C. § 1503); tampering with a witness, victim or informant (18 U.S.C. § 1512); wire fraud (18 U.S.C. § 1343); retaliating against a witness, victim or informant (18 U.S.C. § 1513); and interference with commerce**

11

**by threats or violence (18 U.S.C. § 1951)" and there is no evidence to
suggest otherwise. See Prause declaration at Exhibit "B."**

- 14. "The same was accomplished through wire fraud and other illegal conduct
   through means of interstate commerce."

**Dr. Prause has never committed wire fraud or other illegal conduct
through means of interstate commerce and there is no evidence to suggest
otherwise. See Prause declaration at Exhibit "B."**

### CONCLUSION:

Accordingly, given that the aforementioned allegations are plainly frivolous and warrant

sanctions based upon the attached declaration of Defendant, Nicole Prause, Ph.D, and there is no

evidence to suggest otherwise, Defendant respectfully requests that sanctions be issued at this time

in an amount and fashion that the Court deems just and appropriate under the circumstances.

**Dated: March 27, 2026**                          Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

*/s/David G. Volk*

By:   _____
David G. Volk, Esq.
Pa. I.D. No. 208444
Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, Pennsylvania 19422
T: (610) 567-0700
F: (610) 567-0712
dvolk@c-wlaw.com
*Attorney for Defendant,*
*Nicole Prause, Ph.D.*

12
