## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER RHODES and NO FAP LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>AYLO HOLDINGS, S.A.R.L. (D/B/A PORNHUB), AYLO USA, INC. (D/B/A PORNHUB), AYLO GLOBAL ENTERTAINMENT, INC. (D/B/A PORNHUB), AYLO BILLING LIMITED (D/B/A PORNHUB), NICOLE PRAUSE, PH.D., UNIVERSITY OF CALIFORNIA, LOS ANGELES, (D/B/A UCLA), DAVID LEY, PH.D., AND TAYLOR & FRANCIS GROUP, LLC,<br><br>*Defendants*. | Case No. 2:25-cv-01956-MJH |

### AYLO HOLDINGS S.À R.L., AYLO USA INCORPORATED, AYLO GLOBAL ENTERTAINMENT INC., AND AYLO BILLING LIMITED'S OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY

Defendants, Aylo Holdings S.à r.l., Aylo USA Incorporated, Aylo Global Entertainment Inc., and Aylo Billing Limited (the "**Aylo Defendants**"), hereby file this Opposition to Plaintiffs' Request for Leave to File Surreplies to Defendants Ley, Taylor & Francis and the Aylo Defendants [ECF No. 88] (the "**Motion for Leave**"). The Court should deny Plaintiffs' request to file a sur-reply as to the Aylo Defendants for the following reasons:

1.      On May 13, 2026, the Aylo Defendants filed their Reply in Support of the Motion to Dismiss Plaintiffs First Amended Complaint [ECF Nos. 84, 87] (the "**Reply**").

2.      On May 19, 2026, counsel for Plaintiffs Alexander Rhodes and NoFap LLC ("**Plaintiffs**") contacted counsel for the Aylo Defendants, Taylor & Francis, UCLA, and Dr. David

Ley to request consent to file sur-replies to the respective defendants' replies. The same day, undersigned counsel requested that Plaintiffs' counsel provide a basis for a sur-reply to the Aylo Defendants' Reply. Plaintiffs' counsel never responded.

3.      On May 21, 2026, Plaintiffs filed their Motion for Leave. The Motion claims the Reply raised "nuanced issues and legal arguments that were not part of [the defendants'] original briefs" but does not identify the issues or arguments. Mot. for Leave at ¶ 4. Plaintiffs also suggest the Reply argues, for the first time, that Plaintiffs should not be given the opportunity to amend the FAC. *Id*. at ¶ 5. That is false.

4.      Pursuant to the Court's Standing Order and Procedures on Civil Motion Practice, a sur-reply is not permitted as of right unless approved the by the Court. Standing Order ¶ 3. "Sur-replies are seldom necessary" and "are only appropriate where a party seeks to respond to an argument raised for the first time by the opposing party." *Newland v. Imperial River Transport*, No. 2:24-cv-01258, 2026 WL 1309003, at *n.4 (W.D. Pa. May 12, 2026).[1]

5.      Plaintiffs do not identify any argument or issue from the Reply that was not raised for the first time in the Aylo Defendants' Motion to Dismiss[2] and Plaintiffs never responded to the undersigned's request to identify such issues. Any forthcoming sur-reply would therefore either impermissibly rehash arguments from Plaintiffs' Opposition[3] or raise new arguments that cannot be heard for the first time at this juncture and would deprive the Aylo Defendants of the opportunity to respond.

---

[1] (quoting *Gentry v. Sikorsky Aircraft Corp.*, No. 2:18-cv-01326 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) (internal quotations omitted)).
[2] [ECF Nos. 50, 51].
[3] [ECF No. 67]

6.      Further, Plaintiffs baselessly claim they need an opportunity to respond to arguments made against amending the FAC. Section "P" of the Motion to Dismiss argues that amending the FAC would be futile, and Plaintiffs directly responded to that very issue in their Opposition. *See* Opp. at 72. There is no basis to allow continuous briefing on this issue.

7.      Alternatively, should the Court grant Plaintiffs' request, the Aylo Defendants respectfully request leave to file a sur-surreply up to ten (10) pages within seven (7) days of Plaintiffs' filing.

WHEREFORE, based on the foregoing, the Aylo Defendants respectfully request that (i) the Court deny Plaintiffs' Motion for Leave to file a sur-reply to the Aylo Defendants' Reply or, alternatively, (ii) grant the Aylo Defendants' request to file a sur-surreply.

Dated: May 22, 2026

Respectfully submitted,

/s/ *Ralph A. Dengler*
Ralph A. Dengler (NY Bar ID No. 2796712)
Kan M. Nawaday (*admitted pro hac vice*)
Joyce A. Delgado (*admitted pro hac vice*)
**VENABLE LLP**
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500
KMNawaday@Venable.com
RADengler@Venable.com
JADelgado@Venable.com

and

/s/ *Courtney C. T. Horrigan*
Courtney C. T Horrigan (Pa. I.D. No. 70427)
Hudson M. Stoner (Pa. I.D. No. 326013)
Alexa L. Austin (Pa. I.D. No. 334224)
(Firm ID No. 234)
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
chorrigan@reedsmith.com
hstoner@reedsmith.com

aaustin@reedsmith.com

*Attorneys for Defendants Aylo Holdings
S.à r.l., Aylo USA Incorporated, Aylo Global
Entertainment Inc., and Aylo Billing Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of May, 2026, a copy of the foregoing Opposition to Plaintiffs' Request for Leave to File Sur-Replies was filed through the Court's CM/ECF system and electronically served on all counsel of record.

<u>/s/ *Ralph A. Dengler*</u>
Ralph A. Dengler