**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALEXANDER RHODES and NOFAP LLC    )
                                  )    Case No.: 2:25-cv-01956-MJH
        Plaintiffs,               )
                                  )
        v.                        )
                                  )
AYLO HOLDINGS, S.A.R.L. (d/b/a    )
PORNHUB), et al,                  )
                                  )
        Defendants.               )

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLIES ADDRESSING FAILURE TO
ATTACH A PROPOSED AMENDED COMPLAINT**

Defendants Taylor & Francis and David Ley argue that Plaintiffs' request for leave to amend should be denied because Plaintiffs did not attach a proposed amended complaint to their opposition. That argument overreads *Fletcher-Harlee*, ignores the procedural posture here, and conflicts with this Court's ordinary practice of allowing amendment after Rule 12(b)(6) dismissal unless amendment is clearly futile or inequitable.

**1.      Defendants misstate the practical effect of *Fletcher-Harlee***

Defendants rely on *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007), for the proposition that Plaintiffs' failure to submit a draft amended complaint is "fatal" to any request for leave to amend. Taylor & Francis states: "To assess futility, the Third Circuit has long required plaintiffs seeking leave to amend to 'submit a draft amended complaint to the court,'" and that a "failure to submit a draft amended complaint is fatal to a request for leave to amend." (ECF # 83 at 17).

That argument omits the key point of *Fletcher-Harlee*. The Third Circuit did not hold that a district court lacks discretion to permit amendment absent an attached draft. It held only that, in ordinary civil litigation, it is not reversible error for a district court to enter judgment

1

after granting a Rule 12(b)(6) motion where the plaintiff did not properly request amendment. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007). The court emphasized that its holding "does not impose any undue burden on civil plaintiffs," because after final judgment a plaintiff may move under Rule 59(e) to reopen the judgment and seek leave to amend, and leave within that window should be freely given when justice requires. *Id.*

Thus, *Fletcher-Harlee* is a rule about when a district court is *required* to consider amendment sua sponte, not a rule forbidding this Court from granting leave where Plaintiffs expressly requested amendment in their opposition and where amendment would not be futile. Defendants' argument converts a discretionary case-management principle into a mandatory forfeiture rule. That is not what *Fletcher-Harlee* says.

**2.    Judicial efficiency favors granting leave now rather than requiring a Rule 59(e) motion later**

Defendants' position would not promote finality or efficiency. It would merely create avoidable post-judgment motion practice. *Fletcher-Harlee* itself explains why: even after final judgment, Rule 59(e) gives a plaintiff an opportunity to seek reopening of the judgment and amendment of the complaint, and leave to amend within that window should be freely given under Rule 15(a). *Fletcher-Harlee*, 482 F.3d at 253.

Later Third Circuit authority confirms the same point. In *Wolfington v. Reconstructive Orthopaedic Associates II PC*, the Third Circuit reiterated that when a party seeks leave to amend after judgment, the party must move under Rule 59(e) or Rule 60(b) because the complaint cannot be amended while judgment stands; but where a timely Rule 59(e) motion is filed, the Rule 15 and Rule 59 inquiries turn on the same factors. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187 (3d Cir. 2019). In other words, denying leave solely

2

because no proposed amendment was attached would likely invite the very sequence *Fletcher-Harlee* contemplates: entry of judgment, a Rule 59(e) motion, attachment of a proposed amended complaint, and renewed Rule 15 analysis.

That detour is unnecessary. Plaintiffs have already requested leave. If the Court identifies a curable pleading deficiency, the more efficient course is to grant leave now, set an amendment deadline, and allow Defendants to respond to the amended pleading in the ordinary course. Requiring Plaintiffs to wait for judgment and then seek Rule 59(e) relief would elevate form over substance and consume judicial resources without advancing the merits.

**3.    This Court's ordinary practice is to allow amendment unless amendment is futile or inequitable**

Defendants' argument also conflicts with this Court's repeated application of the ordinary Rule 15 standard: where a Rule 12(b)(6) motion is granted, leave to amend is generally permitted unless amendment would be futile or inequitable. Judge Horan has applied that approach across multiple recent Rule 12(b)(6) decisions.

For example, in *Margabandhu v. State Farm Fire & Casualty Co.*, Judge Horan granted State Farm's Rule 12(b)(6) motion in part, dismissed the bad-faith count and one plaintiff without prejudice, and granted leave to amend because the Court could not conclude amendment would be futile. *Margabandhu v. State Farm Fire & Cas. Co.*, 2:26-CV-00496-MJH (W.D. Pa. May 11, 2026). The same approach appears in *Mundy v. City of Pittsburgh*, where the Court dismissed some claims but allowed amendment where the plaintiff might plead additional facts. *Mundy v. City of Pittsburgh*, 2:22-cv-31 (W.D. Pa. Dec. 22, 2022). In *Harvey v. Technimark Healthcare, LLC*, Judge Horan granted Rule 12(b)(6) motions but allowed leave to amend as to claims for which the Court could not say amendment would be inequitable or futile. *Harvey v. Technimark Healthcare, LLC*, 2:23-cv-536 (W.D. Pa. Mar. 8, 2024).

These decisions reflect the governing principle: the question is not whether Plaintiffs attached a draft pleading to their opposition, but whether amendment would be futile, inequitable, unduly delayed, in bad faith, or prejudicial. Defendants do not show that standard is met.

**4.      Defendants have not shown futility**

Defendants do not carry their burden by invoking the absence of an attached proposed amendment. Futility requires a showing that the amended pleading would still fail to state a claim. *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323 (3d Cir. 2022). It is not enough to say that Plaintiffs have not yet attached the proposed pleading; the relevant inquiry is whether the deficiencies identified by the Court, if any, are inherently incurable.

They are not. Plaintiffs have already explained that they "substantially streamlined a far more extensive factual record into the FAC" and "can further particularize those allegations with amendment if directed by the Court." (ECF No. 66 at 35; ECF No. 69 at 64). Plaintiffs are not required to prove their case or show all of their cards at the pleading stage; they need only plead facts sufficient to state plausible claims for relief. Plaintiffs respectfully maintain that the FAC states plausible claims for relief and that amendment is unnecessary for the case to proceed to discovery. However, any perceived pleading deficiency could be cured through more specific factual allegations or narrower pleading following the Court's guidance. That is precisely the situation in which leave to amend serves Rule 15's purpose: resolving claims on the merits rather than through curable pleading technicalities. *See Mullin v. Balicki*, 875 F.3d 140 (3d Cir. 2017) (Rule 15's liberal amendment regime reflects the federal policy favoring resolution on the merits; prejudice to the non-moving party is the touchstone for denial).

4

**5.    Conclusion**

For these reasons, the Court should reject Defendants' request for dismissal with prejudice based on the absence of an attached proposed amended complaint. If the Court concludes that any claim is insufficiently pleaded, Plaintiffs respectfully request leave to amend.

Respectfully submitted,

**KOBYLINSKI + KOBYLINSKI**

_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire
PA ID No.: 92233
304 Ross Street, Suite 510
Pittsburgh, PA 15219
412-281-6600
412-281-6610 (fax)
dave@koby.law

June 5, 2026                    *Counsel for Plaintiff*